1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR CARLSBAD FUNDING MORTGAGE TRUST,<br><br>                    Plaintiff,<br><br>          v.<br><br>BRENDA J. DUZAN; FIRST NATIONAL BANK OF OMAHA; ALSO ALL PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT HEREIN,<br><br>                    Defendants. | Case No. 3:16-cv-05721-RBL<br><br>MOTION TO REMAND<br><br>NOTE ON MOTION CALENDAR: October 7, 2016 (without Oral Argument) |

## I.     INTRODUCTION AND RELIEF REQUESTED

Plaintiff WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR CARLSBAD FUNDING MORTGAGE TRUST ("Wilmington"), by and through its attorneys of record, Robinson Tait, P.S., moves this Court to remand the above-captioned matter to the Superior Court of Pierce

County, State of Washington.  Remand is authorized under 28 U.S.C 1447. and is warranted by Defendant Brenda Duzan's failure to comply with the statutory thirty day time limit to file a notice of removal under 28 U.S.C. § 1446(b).

## II.      STATEMENT OF FACTS

On August 29, 2014, an action for judicial foreclosure against Brenda Duzan was filed in Pierce County Superior Court.     Declaration of Nicolas Dalusio ("Daluiso Decl.").   Defendant Duzan was personally served a copy of the Summons and Complaint on December 30, 2014.  *Id.*, ¶ 2.  Defendant Duzan filed a Notice of Appearance *pro se* on January 29, 2015.  *Id.*, ¶ 3.  On January 16, 2015, Defendant Duzan filed a Motion to Dismiss for lack of standing.  *Id.*, ¶ 4.  The court denied Defendant Duzan's Motion to Dismiss on February 6, 2015.  *Id.*, ¶ 5.  On March 2, 2015, Defendant Duzan filed an Answer and Affirmative Defenses.  *Id.*, ¶ 6.

Defendant Duzan removed this action to federal court on August 17, 2016, 595 days after service of Defendant Duzan.  *Id.*, ¶ 7.

## III.      STATEMENT OF ISSUES

1.      Whether Defendant Duzan set forth a proper basis for removal under the governing statute.

2.      Whether Defendant Duzan's removal petition satisfies the timing requirement for removal stated at 28 U.S.C. § 1446(b);

3.      Whether a defendant's removal petition that blatantly fails to comply with deadlines of the removal statute lacks an objectively reasonable basis and warrants an award of attorney fees and costs to plaintiff on remand.

## IV.      EVIDENCE RELIED UPON

1. All pleadings filed in this case;

MOTION TO REMAND - 2
60364-05071-LIT-WA

*Law Offices*
R O B I N S O N   T A I T , P.S.
**901 Fifth Ave, Suite 400**
**Seattle, WA 98164**
**(206) 676-9640**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2. Declaration of Nicolas Daluiso;

3. Declaration of Wesley Werich, with exhibits attached thereto;

## V.      AUTHORITY AND ARGUMENT

### A.      Legal Standard

Pursuant to 28 U.S.C. §1441, a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction.  Nevertheless, it is presumed that a cause lies outside of the limited jurisdiction of the federal courts.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.2009).  A defendant has the burden of establishing the contrary and must overcome the strong presumption against removal jurisdiction.  *See id*.  Thus, a defendant always has the burden of establishing that removal is proper.  *See id*.  Any doubt or ambiguity as to the right of removal must be resolved in favor of remand to the state court.  *See id*.

In the present case, Defendant Duzan expressly admits that her removal is not based on either a federal question or diversity.  Rather Defendant Duzan argues her removal is based on the Civil Rights Act.  This, however, is not a proper basis for removal and is not provided for in the removal statute.

### B.      Defendant Duzan Cannot Establish Diversity Jurisdiction

Although Defendant Duzan does not assert diversity jurisdiction as the basis for removal, to the extent considered by this Court, this burden cannot be met.  Pursuant to 28 U.S.C. § 1332(a), the district courts shall have original jurisdiction of all civil actions where there is complete diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000, exclusive on interest and costs.  Defendants have established neither diversity of citizenship nor that the amount in controversy requirement is met.

MOTION TO REMAND - 3
60364-05071-LIT-WA

*Law Offices*
R O B I N S O N   T A I T ,  P . S .
**901 Fifth Ave, Suite 400**
**Seattle, WA 98164**
**(206) 676-9640**

1   "A civil action otherwise removable solely on the basis of the jurisdiction under section

2   1332(a) of this title may not be removed if any of the parties in interest properly joined and served

3   as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

4   *See also Lincoln Property Co. v. Roche*, 546 U.S. 81, 90, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005).

5   The public policy behind this "forum defendant" rule "reflects the belief that diversity jurisdiction

6   is unnecessary because there is less reason to fear state court prejudice against the defendants if

7   one or more of them is from the forum state."  *Spencer v. U.S. Dist. Court for N. Dist. Of Ca.*, 393

8   F.3d 867, 870 (9th Cir.2004).  As a result, it is clear that "the presence of a local defendant at the

9   time removal is sought bars removal."  *Id*. at 870.

10

11   Here, the "forum defendant" rule applies to Defendant Duzan, Defendant Duzan is a

12   resident of the forum state.  This matter was brought in Pierce County Superior Court of

13   Washington.  The Property is also located in Pierce County.  Thus, removal on diversity

14   jurisdiction should be barred under 28 U.S.C. § 1441(b)(2).

15

16

17   **C.** **Defendant Duzan Cannot Establish Federal Question Removal Jurisdiction**

18   Defendant Duzan also does not assert federal question removal jurisdiction, but to the

19   extent considered by this Court, federal question jurisdiction also cannot be established.  Federal

20   question jurisdiction generally exists only when a federal question is presented on the face of the

21   plaintiff's properly pleaded complaint.  *Holmes Group Inc. v. Vornado Air Circulation Systems,*

22   *Inc.*, 535 U.S. 826 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002).

23

24   Federal laws do not apply to this action.  Under Washington statutory law, the superior

25   court of the county in which the property is situated has original jurisdiction for judicial foreclosure

26   proceedings brought under Title 61.12 RCW.  Conversely, the district court shall have jurisdiction

27   and cognizance over "[a]ll other actions and proceedings of which jurisdiction is specifically

28

MOTION TO REMAND - 4
60364-05071-LIT-WA

*Law Offices*
ROBINSON  TAIT, P.S.
**901 Fifth Ave, Suite 400**
**Seattle, WA 98164**
**(206) 676-9640**

conferred by statute, *when the title to, or right of possession of, real property is not involved."* RCW 3.66.020(11) (Emphasis added).  Moreover, "in the absence of any controlling federal law, 'property law' and 'interests in property' are creatures of state law." *See Barnhill v. Johnson*, 503 U.S.393, 398, 112 S.Ct. 1386, 118 L.Ed.2d 39(1992).  As Plaintiff's claim is based strictly on state law, removal based on federal question jurisdiction is improper.

Furthermore, nowhere does Plaintiff's Complaint, on its face, present a federal question giving rise to subject matter jurisdiction.  Additionally, Defendant Duzan's Answer does not invoke federal laws.  And even if such defenses were pled, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction."  *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (19896); *See also, U.S. v. City of Arcata*, 629 F.3d 986, 990 (9th Cir.2010) ("The mere existence of a federal defense to a state law claim is insufficient to create federal jurisdiction over a case.").  In sum, neither Plaintiff's Complaint nor Defendant Duzan's Answer presents a federal question giving rise to subject matter jurisdiction.

### D.    Defendant Duzan Failed to Timely Remove

As set forth above, a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction.  28 U.S.C. § 1441. A plaintiff may move to remand based on any defect in the removal, including lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). To attack a defect in removal procedure other than lack of subject matter jurisdiction, a plaintiff must file a motion to remand within thirty days after the filing of the notice of removal. *Id.*  Plaintiff has timely brought this motion.  On the motion to remand, the removing party has the burden of showing that it complied with the procedural requirements for removal. *Cal ex. Rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir.2004).

MOTION TO REMAND - 5
60364-05071-LIT-WA

*Law Offices*
R O B I N S O N   T A I T , P . S .
**901 Fifth Ave, Suite 400**
**Seattle, WA 98164**
**(206) 676-9640**

1    Courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles,*

2  *Inc.*, 980 F.2d 564, 566 (C.A.9 (Nev.), 1992).  "It is presumed that a cause lies outside [the] limited

3  jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party

4  asserting jurisdiction." *B & S Holdings, LLC v. BNSF Ry. Co*., 889 F.Supp.2d 1252, 1254–55

5  (E.D.Wash.,2012) (*quoting Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114

6  S.Ct. 1673, 128 L.Ed.2d 391 (1994)) (alterations in original).  Federal jurisdiction must be rejected

7  if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.,* 980 F.2d

8  at 566 (9th Cir.1992).  The "strong presumption" against removal jurisdiction means that the

9  defendant always has the burden of establishing that removal is proper. *Id.*

10

11        The federal removal statute provides, in relevant part – "[a] notice of removal must be filed

12  within 30 days after receipt by defendant, through service or otherwise, of a copy of the initial

13  pleading." 28 U.S.C. § 1446.  The 30-day period begins to run when a party receives formal service

14  of process. *Myer v. Nitetrain Coach Co., Inc*., 459 F.Supp.2d 1074, 1076–77 (W.D.Wash., 2006)

15  The statutory time limit for removal petitions is mandatory, and a timely objection to a late petition

16  will defeat removal. *Fristoe v. Reynolds Metal Co*., 615 F.2d 1209, 1212 (9th Cir.1980).

17

18        In the present case, Defendant Duzan filed her Notice of Removal on August 17, 2016,

19  595 days after service of Plaintiff's Complaint. *See* Dkt. 1.  In her petition, Defendant Duzan fails

20  to assert a valid basis for removal. *Id.*  Contrary to her assertion, there is no removal based on a

21  vague claim of civil rights.  Neither is there an unconditional right of removal.  Defendant Duzan's

22  receipt of the Complaint on December 30, 2014, triggered her timeframe to remove this matter no

23  later than January 30, 2015  Defendant Duzan missed this deadline by over eighteen months.

24  Defendant Duzan's petition is grossly defective both on procedural and substantive grounds, and

25

26

27

28

MOTION TO REMAND - 6
60364-05071-LIT-WA

*Law Offices*
R O B I N S O N   T A I T , P . S .
**901 Fifth Ave, Suite 400**
**Seattle, WA 98164**
**(206) 676-9640**

1  as set forth below, Plaintiff is entitled to its fees and costs incurred as a result of this improper

2  removal.

3     **E.**    <u>**Plaintiff is Entitled to its Fees and Costs in Regard to the Removal.**</u>

4

5     The statute provides: "[a]n order remanding the case may require payment of just costs

6  and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.

7  § 1447(c); *Rynearson v. Motricity, Inc.*, 626 F.Supp.2d 1093, 1098 (W.D.Wash., 2009).  In

8  *Martin v. Franklin Capital Corp.,* the Supreme Court clarified the standard for awarding fees

9

10  under § 1447(c), observing that fees should be granted "only where the removing party lacked an

11  objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S.

12  132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); *see also Jordan v. Nationstar Mortg.* LLC,

13  781 F.3d 1178, 1184 (Wash. 2015).  The Ninth Circuit and the Western District have awarded

14  fees, or upheld such awards, under *Martin* where the removing party lacked an objectively

15  reasonable basis for seeking removal.  *Rynearson v. Motricity, Inc.*, 626 F.Supp.2d 1093, 1098

16  (W.D.Wash.,2009); see, e.g., *Fong v. Beehler*, 624 Fed.Appx. 536, 537-38, (9th Cir.2015)

17

18  (upholding district court award of fees on finding a filed petition untimely on its face).

19     Here, Defendant Duzan's argument in support of removal is completely frivolous and

20  unsupported by caselaw or a plain reading of the removal statute.  Even more objectionable is

21  Defendant Duzan's filing for removal solely for tactical reasons to delay the state court action

22  and avoid trial.   As a result of the removal, the Pierce County Superior Court struck the parties'

23  trial date, causing Plaintiff further delays and costs.  Defendant Duzan should not be entitled to

24  any lenience because a pro se litigant is held to the same rules of procedural and substantive law

25

26  as an attorney.  *In re Martin*, 223 P.3d 1221, 1227, 154 Wash.App. 252, 265 (Wash.App. Div.

27  3,2009); see also *Westberg v. All–Purpose Structures, Inc.,* 86 Wash.App. 405, 411, 936 P.2d

28

MOTION TO REMAND - 7
60364-05071-LIT-WA

*Law Offices*
R O B I N S O N   T A I T , P.S.
**901 Fifth Ave, Suite 400**
**Seattle, WA 98164**
**(206) 676-9640**

1175 (1997).  Moreover, Defendant Duzan's motives do not appear to be genuine.  As a result of Defendant Duzan's removal, the Superior Court struck the parties' trial date.  Under the circumstances, Plaintiff maintains that an award of Plaintiff's reasonable costs, expenses and fees incurred related to this removal is appropriate., in the amount of $1,311.50. *See Declaration of Wesley Werich*. 28 U.S.C. § 1447(c).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request this Court grant its motion to remand the case back to Pierce County Superior Court  and order Defendant Duzan to compensate Plaintiff its fees and costs incurred in defending this improper removal.

DATED this 8th day of Sepptember, 2016

**ROBINSON TAIT, P.S**.

By     */s/ Nicolas Daluiso*
       Nicolas A. Daluiso, WSBA No. 23505
       Robinson Tait. P.S.
       901 Fifth Ave, Suite 400
       Seattle, WA 98164
       Tel: 206-676-9640
       Fax:2063-676-9659
       ndaluiso@robinsontait.com


       */s/ Wesley Werich*
       Wesley J. Werich, WSBA No. 38428
       Robinson Tait. P.S.
       901 Fifth Ave, Suite 400
       Seattle, WA 98164
       Tel: 206-876-3286
       Fax: 206-676-9659
       wwerich@robinsontait.com

*Law Offices*
R O B I N S O N   T A I T ,   P . S .
**901 Fifth Ave, Suite 400**
**Seattle, WA 98164**
**(206) 676-9640**

1

<u>CERTIFICATE OF SERVICE</u>

2

3       I hereby certify that on September 8, 2016, I electronically filed the foregoing MOTION

4   TO REMAND with the Clerk of the Court using the CM/ECF system, which will send a notice of

5   electronic filing to all parties as listed on the Notice of Electronic Filing.

6       I further certify that on September 8, 2016, in compliance with the notification

7   requirements pursuant to the laws of the State of Washington, I caused to be deposited in the

8   United States first class mail, postage pre-paid, copies of the foregoing MOTION TO REMAND,

9
    addressed to each of the following:
10

11   Brenda J Duzan
     17426 85TH AVE CT E
12   PUYALLUP, WA 98375
     *Pro Se*
13

14
        DATED this 8th day of September, 2016, at Seattle, Washington.
15

16

17                                          */s/ Natalie Quarnstrom*
                                            Natalie Quarnstrom
18                                          An employee of Robinson Tait, P.S

19

20

21

22

23

24

25

26

27

28

MOTION TO REMAND - 9
60364-05071-LIT-WA

*Law Offices*
R O B I N S O N   T A I T , P . S .
**901 Fifth Ave, Suite 400**
**Seattle, WA 98164**
**(206) 676-9640**