Brenda J. Duzan, *sui juris*
17426  85th Ave Ct. E
Puyallup, Washington [98375]
(253)-576- 8278

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB,<br><br>Plaintiff,<br><br>v.<br><br>BRENDA J. DUZAN,<br><br>Defendant. | Case No. 3:16-cv-05721-RBL<br><br>**OBJECTIONS TO PLANTIFF'S MOTION TO REMAND TO SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR PIERCE COUNTY, Case Number 14-2-12022-8 , AND MOTION TO DENY** |

## DEFENDANT, BRENDA J. DUZAN's, OBJECTIONS TO PLANTIFF'S MOTION TO REMAND TO SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR PIERCE COUNTY, Case Number 14-2-12022-8 , AND MOTION TO DENY PLANTIFF'S MOTION

COMES NOW, Defendant, BRENDA J. DUZAN, an un-represented litigant, with the following objection to Plaintiff's Motion to Remand.

# I.  STATEMENT OF FACTS

1. Defendant, BRENDA J. DUZAN, did not remove this case based on any provision of 28 USC § 1441, and is not bound by those requirements.

2. Defendant, BRENDA J. DUZAN, alleged in the Notice of Removal, that the Plaintiff, WILMINGTON SAVINGS FUND SOCIETY, FSB, and the SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR PIERCE COUNTY, hereinafter "Superior Court", have violated and continue to violate the Defendant's civil rights and that removal is mandatory under the Civil Rights Act of 1866, 14 Stat 27, as shown below:

> Sec.3. *And be it further enacted*, That the district courts of the United States, within their respective districts, **shall have, exclusively of the courts of the several States**, cognizance of all crimes and offenses committed against the provisions of this act,  and also, concurrently with the circuit courts of the United States, **of all causes, civil** and criminal, **affecting persons who are denied or cannot enforce in the courts or judicial tribunals of the State** or locality where they may be **any of the rights secured to them by the first section of this act**; and if any suit or prosecution, civil or criminal, has been or shall be commenced in any State court, against any such person, **for any cause whatsoever**, or against any officer, civil or military, or other person, for any arrest or imprisonment, trespasses, or wrongs done or committed by virtue or under color of authority derived from this act or the act establishing a Bureau for the relief of Freedman and Refugees, and all acts amendatory thereof, or for refusing to do any act upon the ground that it would be inconsistent with this act, such defendant **shall have the right to remove such case for trial** to the proper district or circuit court....[emphases added]

Further, this Court will take notice that this "district court of the United States shall have, exclusively of the courts of the severals States, cognizance of all crimes and offenses committed against the provisions of this act."  As best as Defendant, BRENDA J. DUZAN, can understand the language of Congress in this Act, Congress has barred this district court from remanding a case alleging civil rights violations back down to a State court.

1    3.  Additionally, Defendant, BRENDA J. DUZAN, directs this Court's attention to the fact that the Plaintiff has not denied the Defendant's allegations that Plaintiff has violated and is continuing to violate Defendant's civil rights and therefor, this Court must accept the Defendant's allegations as facts.  Therefor, this district court of the United States is required by Act of Congress to adjudicate this case.  Any civil action, where one of the citizens of the United States is denied or cannot enforce in the court of the state her civil rights, has ***an unconditional right of removal***.

4.  Defendant, BRENDA J. DUZAN, alleged in the Notice of Removal, that the Plaintiff, WILMINGTON SAVINGS FUND SOCIETY, FSB, is attempting to seize the real property of BRENDA J. DUZAN, through the disguise of a foreclosure action.  Therefor, the Plaintiff's civil action is nothing more than an attempt at an inland seizure by a foreign entity; all Plaintiff's, past and present, being foreign to the State of Washington.  Federal law, 94 Stat 1743, codified as 28 USC 1356, reads:

> "The **district courts** shall have original jurisdiction, **exclusive of the courts of the States**, of any seizure under any law of the United States on land or upon waters not within admiralty and maritime jurisdiction, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title." [Emphasis added].

Here again is evidence that only The UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA shall have jurisdiction in this instant case.  As best as Defendant, BRENDA J. DUZAN, can understand the language of Congress in this Act, Congress has barred this district court from remanding a case alleging any seizure back down to a State court.  Since the State of Washington is an instrumentality of the United States, see *INDIAN MOTOCYCLE CO. v. UNITED STATES*, 283 U.S. 570 (51 S.Ct. 601, 75 L.Ed. 1277)

1  and *Farmers and Mechanics Savings Bank of Minneapoli v.Minnesota* 232 U.S. 516, it follows

2  that the laws of the State of Washington are laws of the United States.  Thus, when the laws of

3  the State of Washington are used in an attempt to seize the real property of Defendant, BRENDA

4  J. DUZAN, the district court of the United States is required to take and hold jurisdiction of the

5  civil action case, pursuant to 28 USC 1356 and remand.

6    5.  Additionally, Defendant, BRENDA J. DUZAN, directs this Court's attention to the fact

7  that the Plaintiff has not denied the Defendant's allegations that Plaintiff is attempting nothing

8  more than a seizure of Defendant's real property and therefor, this Court must accept the

9  Defendant's allegations as facts.  Therefor, this district court of the United States is required by

10 Act of Congress to adjudicate this case.

11   6.  The case in Superior Court was filed on August 29, 2014, with BANK OF

12 AMERICA, N.A., as the Plaintiff.   In paragraph 6 (six) of the FORECLOSURE COMPLAINT,

13 the Plaintiff, BANK OF AMERICA, N.A., makes the following statement: "Accordingly,

14 plaintiff  has elected to and does exercise  the option  granted  to it in the Note and Deed of Trust

15 to declare the whole of the balance of both principal  and interest  due and payable  as provided

16 in the Note and Deed of Trust.  By the entry of said statement into the Record of the Superior

17 Court, Plaintiff, BANK OF AMERICA, N.A., committed fraud upon the Superior Court, and

18 violated the civil rights of Defendant, BRENDA J. DUZAN.  Plaintiff, BANK OF

19 AMERICA, N.A., was fully cognizant of the fact that all liability of Defendant, BRENDA J.

20 DUZAN, under said Note and Deed of Trust, has been discharged by the UNITED STATES

21 BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON by Order of

22 said Court, dated Jan. 24, 2012, a copy of which is annexed hereto as ANNEX A, and that the

1   Deed of Trust was cancelled, said cancellation was recorded into the public records of PIERCE

2   COUNTY on June 10, 2011, and Defendant, BRENDA J. DUZAN, having given notice to all

3   interested parties.  Plaintiff, BANK OF AMERICA, N.A., has never disputed the validity of the

4   cancellation of the Deed of Trust, even when that fact was raised in Superior Court, and did not

5   do so in their complaint, therefor, it stands as fact in the instant case and serves as evidence of

6   Plaintiff's violations of Defendant's civil rights.

7       7.   In paragraph 7.2 of the FORECLOSURE COMPLAINT, the Plaintiff, BANK OF

8   AMERICA, N.A., again commits fraud upon the Superior Court and again violates the civil

9   rights of Defendant, BRENDA J. DUZAN, when Plaintiff makes the statements about being

10  entitled to collect all expenses related to foreclosure as provided for in the Note and Deed of

11  Trust, when Plaintiff is fully cognizant that the liability of the Defendant under the Note has been

12  discharged by the U.S. BANKRUPTCY COURT, and that the Deed of Trust is void by

13  cancellation.  Further, since by law, the Deed of Trust follows the Note, when the Note was

14  discharged, all rights against Defendant, BRENDA J. DUZAN, alleged to arise under the Deed

15  of Trust were also discharged.

16      8.   *In Bain v. M.E.R.S.  et al*, 175 Wash.2d 83, 86206-1, the Supreme Court of Washington,

17  En Banc, made these statements:

18      
19      *"[t]he statutory deed of trust is a form of a mortgage."*  page 7

20      *"In [the State of] Washington, "[a] mortgage creates nothing more than a lien in support*
        *of the debt which it is given to secure." Pratt v. Pratt, 121 Wash. 298, 300, 209 P. 535*
21      *(1922) (citing Gleason v. Hawkins, 32 Wash. 464, 73 P. 533 (1903)); see also 18*
        *Stoebuck & Weaver, supra, § 18.2, at 305."*  page 8
22      
23  When a debt has been discharged, which is the fact in this case, by order of the U.S. Bankruptcy

1  Court, the lien can no longer be valid nor can it be enforceable.  Thus, the Plaintiff is attempting

2  a seizure of the real property of Defendant, BRENDA J. DUZAN, through a civil action

3  disguised as a FORECLOSURE COMPLAINT.  The Plaintiff states clearly on the first page of

4  the FORECLOSURE COMPLAINT the following:

5

6  **"YOU ARE HEREBY NOTIFIED THAT THE UNDERSIGNED IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."**

7

8  Since Defendant, BRENDA J. DUZAN, no longer has a debt obligation to the Plaintiff under the

9  Note, which was discharged by the U.S. Bankruptcy Court, then the civil action of the Plaintiff is

10  nothing more that an attempted seizure, and the district court of the United States has exclusive

11  jurisdiction over such matters, as set out in 28 USC 1356.

12     9.   On Sept. 2, 2015, the Superior Court substituted FEDERAL NATIONAL MORTGAGE

13  ASSOCIATION as Plaintiff.  This substitution was done in an ex parte hearing, which the

14  Defendant, BRENDA J. DUZAN, was never notified of, and was done by an ex parte Order

15  signed by a commissioner the same day plaintiffs motion was noted for a hearing, and without

16  notice to Defendant, and no signed order was ever sent to Defendant.  This is at the least,

17  subterfuge by the Superior Court and a violation of the civil rights of Defendant, BRENDA J.

18  DUZAN.

19

20    10.   On Jan. 19, 2016, Defendant, BRENDA J. DUZAN, filed a DEFENDANT'S MOTION

21  FOR SUMMARY JUDGMENT into the instant case.  The motion was crafted by an attorney

22  hired for this prupose only.  In said motion Defendant, BRENDA J. DUZAN, provided evidence

23  to the Superior Court, the first Plaintiff, BANK OF AMERICA, N.A., did not own the loan,

Note, or Deed of Trust, when the Plaintiff filed the instant case, and thus lacked standing to bring the civil action against the Defendant. Multiple pieces of evidence were provided to support the fact that the Plaintiff lacked standing, and yet the Superior Court denied the Defendant, BRENDA J. DUZAN's motion, a clear violation of the Defendant's civil rights and good evidence that the removal of the case is consistent with the provisions of the Civil Rights Act of 1866, 14 Stat 27, and cannot be remanded back to the Superior Court.

11. On July 22, 2016 the Superior Court substituted WILMINGTON SAVINGS FUND SOCIETY, FSB in place of FNMA, as Plaintiff in this instant case. The new Plaintiff has not amended the original complaint nor has the Plaintiff stated a claim that the Defendant owes a debt to them. In the original complaint, in the Prayer For Relief it reads:

> *"That plaintiff have judgment against defendant Brenda J. Duzan; In Rem,* **for all outstanding principal amounts or interest thereon, as provided for in the Note** *and Deed of Trust....."*

Here again, the Plaintiff is violating the civil rights of Defendant, BRENDA J. DUZAN, by alleging that there are still "outstanding principal amounts" when Plaintiff is fully cognizant of the discharge of said amounts by the U.S. Bankruptcy Court in 2012.

## II.  OBJECTIONS TO PLAINTIFF'S AUTHORITY AND ARGUMENT

12. In Section A, Plaintiff lays out a legal argument based on 28 USC § 1441. Further Plaintiff makes the statement:

> *"Rather Defendant Duzan argues her removal is based on the Civil Rights Act. This, however, is not a proper basis for removal and is not provided for in the removal statute."*

1    Here, Plaintiff appears to believe that they have the authority to say that Congress did not mean

2    what Congress said in the wording of the Civil Rights Act of 1866, 14 Stat 27, when Congress

3    said in Sec. 3 of the Act that "defendant **shall have the right to remove such case for trial** to

4    the proper district or circuit court".  And, there is no wording in the federal removal statute that

5    indicates it modifies the rights conferred to all citizens by the Civil Rights Act of 1866.   Plaintiff

6    has failed to show how the violations of Defendant's civil rights is not a "proper basis for

7    removal" under the Civil Rights Act of 1866.   Shephardizing said Act of Congress indicates that

8    Congress has never amended the Civil Rights Act of 1866 and 28 USC § 1441 does not apply.

9    Thus, Plaintiff's argument is meritless and Defendant, BRENDA J. DUZAN, moves this Court

10   to deny it.

11       13.   In Section B, Plaintiff  lays out a legal argument based on 28 USC § 1332(a), which is

12   diversity of citizenship and amount in controversy.  Again, Shephardizing said Act of Congress

13   indicates that Congress has never amended the Civil Rights Act of 1866 to require diversity of

14   citizenship or an amount in controversy and thus, 28 USC § 1332(a) does not apply.  Again,

15   Plaintiff's argument is meritless and Defendant, BRENDA J. DUZAN, moves this Court to deny

16   it.

17       14.   In Section C, Plaintiff  lays out a legal argument based on "federal question" and goes

18   on to state:

19
> *"Federal question jurisdiction generally exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."*

21   There is no requirement in the Civil Rights Act of 1866 that a federal question must exist

22   in the plaintiff's complaint before a state case can be removed to a district court of the

23

1  United States when" *persons who are denied or cannot enforce in the courts or judicial*

2  *tribunals of the State... any of the rights secured to them by the first section of this act;*"

3  When the Superior Court denied Defendant, BRENDA J. DUZAN's Motion for

4  Summary Judgment based on multiple pieces of evidence that the then Plaintiff, BANK

5  OF AMERICA, N.A., lacked standing to bring the civil action against the Defendant, the

6  Superior Court violated the civil rights of the Defendant and gave the Defendant,

7  BRENDA J. DUZAN, all the cause and right needed to remove the case to the district

8  court of the United States. Therefor, Defendant, BRENDA J. DUZAN, moves this Court

9  to deny Plaintiff's federal question argument.

10      In Paragraph 2 of Section C, Plaintiff alleges "*Federal laws do not apply to this*

11  *action.*" Then the Plaintiff goes on about how the district court of the state has

12  jurisdiction under RCW 3.66.020. However, there is no wording in RCW 3.66.020 that

13  says it trumps an Act of Congress and negates the rights conferred upon all persons to

14  remove a civil action to a district court of the United States when they have been denied,

15  by a state court, rights granted to them by Act of Congress.

16      In the rest of Section C, Plaintiff continues the argument about no federal question

17  in Plaintiff's Complaint. None of this applies when a case is removed under the Civil

18  Rights Act of 1866 and Defendant, BRENDA J. DUZAN, moves this Court to deny

19  Plaintiff's arguments raised in Section C.

20     15.  In Section D, Plaintiff lays out a legal argument based on "Failure to Timely

21  Remove" . Defendant, BRENDA J. DUZAN, will not waste this Court's time by

22  entering an objection to each of the arguments that Plaintiff has laid out in Section D.

23

1   Instead, Defendant, BRENDA J. DUZAN, will simply direct this Court's attention to the

2   fact that there is no requirement within the Civil Rights Act of 1866, that defendant must

3   remove a state court case to the district court within any specific time allowance.  It is

4   apparent upon reading the Act, that Congress intended that a defendant has a right of

5   removal at **any time** the rights of the defendant, granted by Act of Congress by the Civil

6   Rights Act of 1866, have been violated.  Therefor, Defendant, BRENDA J. DUZAN,

7   moves this Court to deny Plaintiff's arguments of Section D, based on timely removal.

8       16.  In Section E, Plaintiff lays out a legal argument that "*Plaintiff is Entitled to its*

9   *Fees and Costs in Regard to the Removal*".   Defendant, BRENDA J. DUZAN, counters

10  that the Plaintiff is NOT entitled to anything, as Plaintiff is violating Defendant's civil

11  rights by attempting to collect a debt which Defendant, BRENDA J. DUZAN, does not

12  owe to Plaintiff  and by attempting to unlawfully seize the real property of Defendant by

13  a civil action disguised as a FORECLOSURE COMPLAINT.  The debt which the

14  Plaintiff is allegedly attempting to collect against Defendant, BRENDA J. DUZAN, as a

15  "Debt Collector", does not exist.  It was discharged by Order of the U.S. Bankruptcy

16  Court on Jan. 24, 2012.   The violations of the Defendant's civil rights does not give rise

17  to the award of "Fees and Costs" that are incurred by the acts of violations of Defendant's

18  civil rights.

19

20                                          **III. CONCLUSION**

21      WHEREFORE, Defendant, BRENDA J. DUZAN, having shown that she has an

22  unconditional right of removal of the Superior Court case to the district court of the United

23

1 States, based on rights granted to the Defendant by Act of Congress through the Civil Rights Act
2 of 1866, and having shown that there is no debt owed to any Plaintiff, that has been a part of this
3 civil action, thus making this civil action nothing more than an unlawful seizure, this Court is
4 required by 28 USC 1356, to take and hold jurisdiction over this civil action.  For good cause
5 shown, the Defendant, BRENDA J. DUZAN, hereby and herewith, motions this honorable Court
6 to deny the Plaintiff's MOTION TO REMAND.

Dated this 15th day of September, 2016.

       /s/  Brenda J. Duzan

Brenda J. Duzan

17426  85th Ave Ct. E
Puyallup, Washington [98375]
(253)-576- 8278
email:  duzabalm@yahoo.com

# **ANNEX A**

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court
Western District of Washington
1717 Pacific Avenue
Suite 2100
Tacoma, WA 98402

Case No. <u>11-47537-BDL</u>

Chapter 7

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Michael Balmer
17426 85th Avenue Court East
Puyallup, WA 98375

Brenda J Duzan
17426 85th Avenue Court East
Puyallup, WA 98375

Social Security/Individual Taxpayer ID No.:
xxx-xx-4329

xxx-xx-1455

Employer Tax ID/Other nos.:

## DISCHARGE OF DEBTOR

The Debtor(s) filed a Chapter 7 case on <u>**September 22, 2011.**</u> It appearing that the Debtor is entitled to a discharge,

**IT IS ORDERED:**

The Debtor is granted a discharge under 11 U.S.C. § 727.

BY THE COURT

Dated: <u>January 24, 2012</u>

<u>Brian D Lynch</u>
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

052458

5 2 5 0 5 0 5 2 5 1 0 0 1 9