IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR CARLSBAD FUNDING MORTGAGE TRUST,

          Plaintiff,

          v.

BRENDA J. DUZAN; FIRST NATIONAL BANK OF OMAHA; ALSO ALL PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT HEREIN,

          Defendants.

Case No. 3:16-cv-05721-RBL

PLAINTIFF'S REPLY TO DEFENDANT BRENDA DUZAN'S OPPOSITION TO MOTION TO REMAND

    Plaintiff WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR CARLSBAD FUNDING MORTGAGE TRUST ("Wilmington") replies to Defendant Duzan's opposition to its motion to remand this action to the Superior Court of the State of Washington, Pierce County as follows:

REPLY BRIEF - 1
60364-05071-LIT-WA

*Law Offices*
ROBINSON TAIT, P.S.
**901 Fifth Ave, Suite 400**
**Seattle, WA 98164**
**(206) 676-9640**

# 1.  INTRODUCTION

This Court should grant Plaintiff's motion to remand the case because Defendant Brenda Duzan ("Defendant") failed to timely remove this matter to federal court.  Moreover, Defendant failed to satisfy the requisite basis for removal.

Plaintiff properly filed this judicial foreclosure lawsuit in Pierce County where the real property, that is the subject of the action, is located.  Defendant was served on December 30, 2014.  Defendant, however, did not file the Notice of Removal until August 17, 2016.  Plaintiff thereafter timely filed a Motion to Remand to Pierce County.  Accordingly, this Court should remand this action to the Superior Court of Pierce County and award attorney's fees and costs to Plaintiff.

## II.   EVIDENCE RELIED UPON

This reply relies on the papers and pleadings filed with the Court to date.

## III.   AUTHORITY AND ARGUMENT

### A.   Defendant failed to meet her burden that removal is proper

Defendant utterly failed to comply with the deadline for removal.  Removal must occur within thirty days after receipt of the initial pleading." 28 U.S.C. § 1446.  The statutory time limit for removal petitions is mandatory, and a timely objection to a late petition will defeat removal. *Fristoe v. Reynolds Metal Co*., 615 F.2d 1209, 1212 (9th Cir.1980).  Defendant Duzan removed this action to federal court 595 days after service.   Therefore, because the removal far exceeded the timeframe for removal, this Court must remand.

### B.   Defendant Cannot Establish a Proper Grounds for Removal.

Defendant's reliance on the Civil Rights Act of 1866 is bizarre and unfounded.  Defendant has failed to show a proper basis for removal.  Pursuant to 28 U.S.C. §1441, a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction.

REPLY BRIEF - 2
60364-05071-LIT-WA

*Law Offices*
ROBINSON TAIT, P.S.
**901 Fifth Ave, Suite 400**
**Seattle, WA 98164**
**(206) 676-9640**

Nevertheless, it is presumed that a cause lies outside of the limited jurisdiction of the federal courts. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.2009).  A defendant has the burden of establishing the contrary and must overcome the strong presumption against removal jurisdiction. *See id*.  Thus, a defendant always has the burden of establishing that removal is proper.  *See id.* Any doubt or ambiguity as to the right of removal must be resolved in favor of remand to the state court.  *See id*. Defendant Duzan seeks to forum shop and delay the pending trial in Pierce County Superior Court.  Because Defendant Duzan's removal is not based on either a federal question or diversity and was brought for improper purpose, her removal should be denied.

### C.   Plaintiff is Entitled to its Fees and Costs in Regard to the Removal.

28  U.S.C. Section 1447(c) provides in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

In *Martin v. Franklin Capital Corp.,* the Supreme Court clarified the standard for awarding fees under § 1447(c), observing that fees should be granted "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); *see also Jordan v. Nationstar Mortg.* LLC, 781 F.3d 1178, 1184 (Wash. 2015).  The determination to award costs and fees under § 1447(c) is within the discretion of the district court. *Id.* at 139.  Because Defendant's motion to remand is not only wholly defective but also brought for improper purpose, Plaintiff requests that this Court order Defendant to pay its reasonable costs, expenses and fees incurred related to this removal.

*Law Offices*
R O B I N S O N   T A I T ,  P . S .
**901 Fifth Ave, Suite 400
Seattle, WA 98164
(206) 676-9640**

## IV.   CONCLUSION

Plaintiff respectfully requests this Court grant its  motion to remand the case back to Pierce County Superior Court and enter an order awarding Plaintiff its fees and costs incurred in defending this improper removal.

DATED this 26th day of September, 2016

**ROBINSON TAIT, P.S**.


By    _/s/ Nicolas Daluiso_
      Nicolas A. Daluiso, WSBA No. 23505
      Robinson Tait. P.S.
      901 Fifth Ave, Suite 400
      Seattle, WA 98164
      Tel: 206-676-9640
      Fax:2063-676-9659
      ndaluiso@robinsontait.com


      _/s/ Wesley Werich_
      Wesley J. Werich, WSBA No. 38428
      Robinson Tait. P.S.
      901 Fifth Ave, Suite 400
      Seattle, WA 98164
      Tel: 206-876-3286
      Fax: 206-676-9659
      wwerich@robinsontait.com

*Law Offices*
R O B I N S O N   T A I T , P.S.
**901 Fifth Ave, Suite 400**
**Seattle, WA 98164**
**(206) 676-9640**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 26, 2016, I electronically filed the foregoing REPLY TO OPPOSITION TO MOTION TO REMAND with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all parties as listed on the Notice of Electronic Filing.

I further certify that on September 26, 2016, in compliance with the notification requirements pursuant to the laws of the State of Washington, I caused to be deposited in the United States first class mail, postage pre-paid, copies of the foregoing REPLY TO OPPOSITION TO MOTION TO REMAND, addressed to each of the following:

Brenda J Duzan
17426 85TH AVE CT E
PUYALLUP, WA 98375
*Pro Se*

DATED this 26th day of September, 2016, at Seattle, Washington.

 */s/ Natalie Quarnstrom*

Natalie Quarnstrom
An employee of Robinson Tait, P.S

*Law Offices*
R O B I N S O N   T A I T, P.S.
**901 Fifth Ave, Suite 400**
**Seattle, WA 98164**
**(206) 676-9640**